**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**KACY FONTEZE WILLIAMS**                                                                                    **PETITIONER**

**V.**                                                                                                  **NO. 4:19-CV-95-DMB-DAS**

**STATE OF MISSISSIPPI, et al.**                                                                          **RESPONDENTS**

### ORDER

On June 19, 2019, Kacy Fonteze Williams filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Leflore County Circuit Court conviction for possession of a firearm by a convicted felon. Doc. #1. On September 27, 2019, the respondents, arguing that "Williams has filed a 'mixed petition,' *i.e.*, one containing both exhausted and unexhausted claims," moved the Court to dismiss the petition "without prejudice for failure to exhaust state court remedies or, in the alternative, order Williams to amend his federal habeas petition, deleting the unexhausted claims." Doc. #8 at 5, 11. On October 11, 2019, Williams moved the Court to hold the petition in abeyance to "allow him the opportunity to present his claims to the state court." Doc. #10 at 1.

On February 24, 2020, the respondents filed a supplement to their motion to dismiss which states that the motion to dismiss "has been rendered moot" because Williams now "has pursued all available remedies in state court challenging his conviction and sentence."[1] Doc. #15 at 2, 3. The respondents subsequently filed an answer to the petition. Doc. #22. In light of these filings,

---

[1] The supplement noted:

> Counsel for respondents make no representation herein as to whether all claims are completely exhausted in state court or not otherwise procedurally defaulted. Rather, counsel notes that, because Williams filed a motion for post-conviction relief in the state's highest court, Williams has now pursued available state remedies through which to exhaust any claims. Respondents will address the exhaustion and/or procedural default of the specific claims raise[d] by petitioner in their Answer to be filed in this case.

Doc. #15 at 2 n.1.

the motion to dismiss [8] and the motion to hold the petition in abeyance [10] are **DENIED as moot**.

**SO ORDERED**, this 28th day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**