**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**KACY FONTEZE WILLIAMS**                                              **PETITIONER**

**V.**                                                                           **NO. 4:19-CV-95-DMB-DAS**

**STATE OF MISSISSIPPI, et al.**                                         **RESPONDENTS**

## ORDER

Before the Court is Kacy Fonteze Williams' pro se petition for a writ of habeas corpus, Doc. #1, and motion for summary judgment, Doc. #20.

**I**
**Procedural History**

On October 11, 2016, following a bench trial in the Circuit Court of Leflore County, Mississippi, the presiding judge found Kacy Williams guilty of possession of a firearm by a felon. Doc. #9-1 at PageID 196. The same day, Williams was sentenced to life imprisonment as a habitual offender pursuant to Miss. Code Ann. § 99-19-83. *Id.*

Williams, with the assistance of counsel, appealed his conviction to the Mississippi Court of Appeals. Doc. #9-4 at PageID 460. The appeal raised two grounds for relief—the life sentence was disproportionate to the crime charged and the evidence was insufficient to sustain a conviction. *Id.* Williams, acting pro se, also filed a supplemental brief in the appeal. Doc. #9-5 at PageID 474. His pro se brief raised four additional grounds for relief: (1) the indictment was defective; (2) the prosecution failed to disclose the identity of one of its witnesses; (3) the trial court erred in allowing an amendment to the indictment on the day of trial; and (4) his trial counsel was ineffective "for failing to discontinue cross and request mistrial on insufficient testimony showing substantial contradiction of two state witnesses." *Id.* at PageID 479. On January 30, 2018, the

Mississippi Court of Appeals rejected all six grounds on the merits. *See Williams v. State*, 269 So. 3d 192 (Miss. Ct. App. 2018). After the Mississippi Court of Appeals denied rehearing and the Mississippi Supreme Court denied certiorari, a mandate was issued January 3, 2019. Doc. #22-2.

On December 2, 2019, Williams filed a pro se application for post-conviction relief with the Mississippi Supreme Court. Doc. #16-1 at PageID 972. The petition stated four grounds for relief: (1) he was denied due process because the sentencing judge stated she had no choice but to sentence him to life in prison, *id.* at PageID 994–95; (2) his sentencing violated a "fundamental right pursuant to" *United States v. Olano*, 507 U.S. 725 (1993), *id.* at PageID 1005; (3) the evidence was insufficient to support his conviction, *id.* at PageID 1014; and (4) he was denied effective assistance of counsel because his appellate counsel failed to "present the amendment of the indictment on appeal," *id.* at PageID 1033, his trial counsel failed to object to a prejudicial comment by the prosecutor, *id.* at PageID 1043, and his trial counsel failed to "properly impeach" certain state witnesses, *id.* PageID 1046. Williams also sought an evidentiary hearing on the petition. *Id.* at PageID 1052. The Mississippi Supreme Court denied the petition as "without merit" on February 5, 2020. *Id.* at PageID 969.

On or about June 18, 2019, Williams filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. His petition, as amended, asserts eight grounds: (1) his conviction was not supported by sufficient evidence (Ground One), Doc. #12-1 at PageID 781; (2) his sentence was unconstitutional (Ground Two), *id.* at PageID 803; (3) the Mississippi Court of Appeals' decision "was contrary to and involved an unreasonable application of clearly established federal law" (Ground Three), *id.* at PageID 810; (4) he was denied effective assistance of counsel (Ground Four), Doc. #12-2 at PageID 822; (5) he is entitled to an evidentiary hearing in this case (Ground Five), *id.* at PageID 841; (6) his claims

"should be excused under plain error analysis" (Ground Six), *id.* at PageID 849; (7) he was denied a fundamental right of due process at his sentencing (Ground Seven), *id.* at PageID 853; and (8) he was denied a "fundamental right pursuant to" *Olano* (Ground Eight), *id.* at PageID 865.

On April 3, 2020, United States Magistrate Judge David A. Sanders directed the State to respond to the petition on or before June 17, 2020. Doc. #17. Approximately two weeks later, Williams filed a motion for summary judgment on the petition. Doc. #20. The respondents answered the petition, Doc. #22, and responded in opposition to the motion for summary judgment, Doc. #23. Williams filed a traverse in support of the petition. Doc. #24.

## II
## Habeas Standard of Review

Except in those rare instances when exhaustion of state remedies is excused, 28 U.S.C. § 2254 "does not permit a federal court to grant a habeas application unless the applicant can show legal error under § 2254(d)(1) or factual error under § 2254(d)(2)." *Lewis v. Thaler*, 701 F.3d 783, 791 (5th Cir. 2012). To establish legal error, "the applicant must show that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (internal quotation marks omitted). "To establish factual error … the applicant must show that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (internal quotation marks omitted).

## III
## Ground One – Sufficiency of Evidence

On habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state

court. The federal court instead may do so only if the state court decision was objectively unreasonable." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (internal quotation marks omitted). "[F]ederal courts must look to state law for the substantive elements of the criminal offense, but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Id*. at 655 (cleaned up).

> In a sufficiency challenge, the question is not whether this court believes that the evidence at the trial established guilt beyond a reasonable doubt. Rather, the familiar test is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*United States v. del Carpio Frescas*, 932 F.3d 324, 328 (5th Cir. 2019) (cleaned up).

Williams was indicted under Mississippi Code Annotated § 97-37-5(1), which prohibits the possession of firearms by felons. To sustain a conviction under this provision, "[t]he State must prove two elements beyond a reasonable doubt—(1) the defendant possessed a firearm, and (2) the defendant had previously been convicted of a felony crime." *Williams v. State*, 285 So. 3d 156, 159 (Miss. 2019).

With respect to the second element, Williams admitted at trial he was a convicted felon during the relevant time period. Doc. #9-3 at PageID 433–34. And the State presented the testimony of Lisa Henry, a deputy clerk in the Leflore County Circuit Court Clerk's Office, and introduced through her testimony, certified copies of an order in Leflore County Circuit Court Case No. 2005-0169, which sentenced Williams to eight years for the sale of cocaine. Doc. #9-2 at PageID 286; Doc. #9-10 at PageID 675. Further, Shonda Willis, a Records Technician III for the Mississippi Department of Corrections ("MDOC"), testified regarding a "penitentiary pack" she prepared on Williams, which normally includes sentencing orders, fingerprints, time computation details, photographs, and other pertinent information from an inmate's file. Doc. #9-

2 at PageID 300–02. Willis discussed Williams' prior convictions for which he was committed to MDOC custody, and also discussed the length of time Williams served. *Id*. Finally, the State introduced evidence that Williams was convicted of aggravated assault. Doc. #9-10 at PageID 681. All this evidence was more than sufficient to satisfy the convicted felon element of the criminal charge.[1]

With respect to the possession element, Detective Jeri Bankston with the Greenwood Police Department testified that she was called to investigate the shooting of Alfonzo Hemphill and that during the course of the investigation, she learned that Hemphill was shot with a .40 caliber firearm. Doc. #9-2 at PageID 318, 320–22. Hemphill testified at trial that Williams was the person who shot him. Doc. #9-3 at PageID 373.

In Williams' appeal, the Mississippi Court of Appeals found the evidence to be sufficient because Hemphill testified that Williams was holding a gun and "[w]itness testimony may be sufficient to convict a defendant of possession of a weapon by a felon … even if no weapon is recovered." 269 So. 3d at 196 (citing *Edwards v. State*, 966 So. 2d 837, 839 (Miss. Ct. App. 2007)). Federal law, like Mississippi law, recognizes that witness testimony may support a possession-of-firearm conviction. *See United States v. Madrid*, 676 F. App'x 309, 314 (5th Cir. 2017); *United States v. Saleem*, 540 F. App'x 317, 318 (5th Cir. 2013). While Williams argues that certain issues raised on Hemphill's cross-examination undermined his credibility, such arguments cannot support a sufficiency of the evidence challenge. *Davis v. Davis*, 807 F. App'x 337, 340 (5th Cir. 2020); *see United States v. Mahmood*, 820 F.3d 177, 187 (5th Cir. 2016) ("We draw all reasonable inferences and make all credibility determinations in favor of the verdict."). Thus, Ground One is without merit.

---

[1] Williams concedes as much in his traverse. *See* Doc. #24 at PageID 1229 ("The State proved half its case, that petitioner Williams was a felon.").

**IV**
**Ground Two – Proportionality of Sentence**

A petitioner may challenge his sentence through the Eighth Amendment by arguing that the sentence is "grossly disproportionate 'as applied'" or that the sentence is "categorically disproportionate." *United States v. Farrar*, 876 F.3d 702, 714 (5th Cir. 2017). "The as applied challenge asks whether defendant's sentence is grossly disproportionate to the crime committed, while the categorical approach uses categorical rules to define Eighth Amendment standards." *Id.* (cleaned up).

In an as applied challenge, a petitioner must first make a threshold showing that raises an "inference" that the gravity of his conduct is grossly disproportionate to the severity of his sentence. *Id.* at 715. If the petitioner satisfies this initial standard, the court must "compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *Id.* A categorical challenge involves two steps. *Id.* at 716. First, the court looks to "objective indicia of society's standards to uncover whether there is a national consensus against the sentencing practice at issue. Then the court determines in the exercise of its own independent judgment whether the punishment in question violates the Constitution." *Id.* at 716–17 (cleaned up). Here, Williams appears to assert an "as applied" challenge. *See* Doc. #12-1 at PageID 804.[2]

---

[2] Within his proportionality challenge, Williams also appears to assert a meritless sufficiency of the evidence challenge regarding his status as a habitual offender based on the fact that two of the convictions supporting his habitual offender status were "heard on the same day" and "occurred at the same time." Doc. #12-1 at PageID 808. Mississippi's habitual offender statute provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

In the context of a habitual offender sentence, the relative offense for the gravity analysis is "the most recent offense, not as it stands alone, but in light of [all] prior offenses." *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *see United States v. Mills*, 843 F.3d 210, 218 (5th Cir. 2016). With respect to the proportionality of habitual offender sentences, *Rummell v. Estelle*, 445 U.S. 263 (1980), which affirmed a habitual offender life-sentence (albeit with parole) for a felony offense of obtaining $120.75 under false pretenses, "establishes a benchmark for claims of disproportionate punishment under the Eighth Amendment." *Mills*, 843 F.3d at 217–18. But a court must not apply the *Rummell* benchmark without consideration of the Supreme Court's decision in *Solem v. Helm*, 463 U.S. 277, 297 (1983), which found disproportionate a habitual life offender without parole sentence based on nonviolent felonies where no crime was against a person. *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983).

While life without parole is undoubtedly a more severe punishment than life with parole, it does not foreclose all possibilities of reducing a sentence "since there remain the possibilities of retroactive legislative reduction and executive clemency." *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991) (plurality opinion). Accordingly, even a non-violent but serious offense, such as the possession of a high quantity of drugs, may support a life without parole sentence. *Id*. at 987–88. Possession of cocaine with intent to distribute may also justify such a sentence. *Id*. ("Petitioner

---

Miss. Code. Ann. § 99-19-83. "Separate convictions based upon different crimes, even if the crimes of which a defendant is convicted occurred on the same day, may serve as prior offenses to be considered in sentencing a defendant as a habitual offender." *Shumaker v. State*, 956 So. 2d 1078, 1088 (Miss. Ct. App. 2007). Convictions are brought separately so long as they separated into "separate counts." *Carter v. State*, 281 So. 3d 299, 302 (Miss. Ct. App. 2019).

As noted above, the State introduced evidence that Williams was previously convicted of aggravated assault (a violent felony) and sale of cocaine. *See* Doc. #9-10 at PageID 681. Williams was sentenced to ten years imprisonment for the aggravated assault conviction and three years imprisonment for the sale of cocaine conviction. *Id*. While the sentences were apparently handed down the same day, the various charges were brought in separate actions. *See id*. at PageID 695 (aggravated assault conviction in Case No. 2005-0168); *see id*. at PageID 675 (cocaine conviction in Case No. 2005-0169).

acknowledges that a mandatory life sentence might not be 'grossly excessive' for possession of cocaine with intent to distribute."). When viewed through this prism, Williams' sentence, which is based in part on the violent crime of aggravated assault and the other serious crime of sale of cocaine, is not grossly disproportionate so as to clear the as applied threshold. *See id*; *United States v. Cooper*, 624 F. App'x 819, 823 (4th Cir. 2015) ("[A] mandatory sentence of life without parole for drug distribution is not grossly disproportionate.").

## V
## <u>Ground Three – Clearly Established Law</u>

In Ground Three, Williams argues that the Mississippi Court of Appeals' "decision on [his] sentencing proportionality claim was clearly contrary to clear [sic] established federal law."[3] Doc. #12-1 at PageID 812. This claim fails for the same reason as Ground Two.

## VI
## <u>Ground Four – Ineffective Assistance</u>

Williams asserts that his appellate counsel was ineffective for failing to raise the amendment of indictment issue on appeal (Ground Four (A)), Doc. #12-2 at PageID 822; that his trial counsel was ineffective for failing to object to a statement during trial that Williams was a convicted felon (Ground Four (B)), *id*. at PageID 831; that his appellate counsel was ineffective for failing to "raise the issue of the pen-pack on appeal after an objection was made at trial" (Ground Four (C)), *id*. at PageID 833; and that his trial counsel was ineffective for failing to impeach witnesses at trial (Ground Four (D)), *id*. at PageID 835.

"To prevail on an ineffective assistance of counsel claim, a defendant must satisfy the test from *Strickland v. Washington*, 466 U.S. 668 (1984), by showing that (1) his counsel's

---

[3] In his traverse, Williams argues that the Court misapplied the standard regarding effectiveness of counsel. *See* Doc. #24 at PageID 1233–34. To the extent this ground relates to ineffective assistance, it must be rejected for the same reasons as Ground Four.

performance fell below an objective standard of reasonableness, and (2) that his counsel's deficient performance caused him prejudice." *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (cleaned up). "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (internal quotation marks omitted). "[F]ailure to assert a meritless objection cannot be grounds for finding deficient performance." *Clark v. Thaler*, 673 F.3d 410, 429–30 (5th Cir. 2012).

### A.  Ground Four (A) – Amendment of Indictment

The December 14, 2015, indictment in Williams' criminal case charged:

> That **KACY WILLIAMS,** on or about December 17, 2014, in Leflore County, Mississippi did unlawfully, willfully and feloniously have or possess a firearm; a SAR Arms. 9mm semi-automatic handgun, and he, the said **KACY WILLIAMS,** having previously been convicted of the felony crime of Sale of Cocaine on or about December 8, 2005, in the Circuit Court of Leflore County, Mississippi Cause #2005-0169 in violation of Section 41-29-139 of the Mississippi Code of 1972, as annotated and amended against the peace and dignity of the State of Mississippi.

Doc. #9-1 at PageID 182.

On March 4, 2016, the State moved to amend the indictment to charge Williams "as a Violent Habitual Offender." Doc. #9-1 at PageID 185. The motion was granted by the circuit court the same day. *Id*. at PageID190. On October 11, 2016, the day of trial, the State, citing a "scriveners error" filed a motion to amend the indictment to "delete the phrase 'a SAR Arms 9mm semi-automatic handgun.'" *Id.* at PageID 194. That same day, the circuit court, over Williams' objection, granted the requested amendment. *Id*. at PageID 195. Williams challenges both amendments. Doc. #12-2 at PageID 824–26.

An attorney who fails to object to an improper amendment of an indictment acts deficiently. *See United States v. Phea*, 953 F.3d 838, 842 (5th Cir. 2020). In federal court, "[a] criminal

defendant has a Fifth Amendment right to be tried only on charges presented in a grand jury indictment." *United States v. Broadnax*, 601 F.3d 336, 340 (5th Cir. 2010) (internal quotation marks omitted). Generally, "indictments can only be amended by a grand jury." *United States v. Jackson*, 596 F.3d 236, 244 (5th Cir. 2010). However, "the grand jury clause is not incorporated against the states." *Phea*, 953 F.3d at 842 n.6. Thus, in the absence of a due process violation caused by the amendment of a state court indictment,[4] a habeas petitioner must show that the amendment was improper under state law. *LanFranco v. Murray*, 313 F.3d 112, 118 (2d Cir. 2002).

Williams argues that the amendments to the indictment were improper because they were done without the grand jury's consent. Doc. #12-2 at PageID 824. As observed by the Mississippi Court of Appeals in Williams' appeal, under Mississippi law, "[a]mendments to indictments are allowed if they contain defects of form and not of substance." *Williams*, 269 So. at 196. Consistent with this rule, "[a]n indictment can be amended if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." *Id.* (internal quotation marks omitted). Because the provision under which Williams was charged—Miss. Code Ann. § 97-37-5(1) —prohibits the possession of *any* firearm, the Mississippi Court of Appeals held that the State was only "required to prove that Williams possessed a gun, not a specific type of gun." *Id.* It also held that because "Williams' defense was that he did not possess a gun and did not shoot Alfonzo," the identification of the gun could not have prejudiced Williams. *Id.* This Court sees no error in this analysis.

Additionally, "an indictment may be amended to charge an offender as a habitual offender

---

[4] *See Ricalday v. Procunier*, 736 F.2d 203, 207 (5th Cir. 1984).

… if the offender is given a fair opportunity to present a defense and is not unfairly surprised." *Wilson v. State*, 935 So. 2d 945, 949 (Miss. 2006) (internal quotation marks omitted). This requirement is satisfied when, as here, the State seeks to add the habitual offender designation "months before trial." *Id.*

Because neither amendment was improper, Williams' appellate counsel was not required to raise such arguments on appeal. Thus, Williams cannot show deficient performance on this point.[5]

### B. Ground Four (B) – Statement that Williams Was a Convicted Felon

Next, Williams argues his trial counsel was deficient for failing to object to a statement by the prosecutor that Williams was a convicted felon. Doc. #12-2 at PageID 831. The comment identified by Williams occurred during the questioning of Woody Stokes, Williams' probation officer,[6] with respect to his cocaine conviction:

> Q: Is there any doubt in your mind that the [cocaine] conviction in 2005-0169 still stands as a legitimate and unoverturned felony conviction of Kacy Williams?
> A: As far as I know of. I don't know if it been overturned. As far as I know, yes, sir.
> Q: No evidence to the contrary do you have, do you?
> A: No, sir.
> Q: And that this Kacy Williams is the convicted felon that you have been dealing with in [Case Number] 2005-0169?
> A: Yes, sir.

Doc. #9-2 at PageID 293–94.

Williams contends this remark was improper because "it was not provened [sic] that [he]

---

[5] To the extent Williams argues his counsel was deficient for failing to object on due process grounds, such claim also fails. An indictment does not violate due process so long as it provided notice of the offense on which the defendant is charged and did not mislead the defendant to his prejudice. *Huizar v. United States*, 339 F.2d 173, 174 (5th Cir. 1964) (no prejudice where "each count of the indictment adequately apprised the defendant of the offense with which he was charged"); *United States v. Sarbello*, 985 F.2d 716, 719 (3d Cir. 1993) (asking whether indictment prejudiced defense strategy). There is no question the indictment against Williams notified him of the offense charged. Nor is there any contention that the timing of the amendments altered his defense strategy.

[6] Doc. #9-2 at PageID 289.

was found guilty of the initial charge, (possession of weapon)." Doc. #12-2 at PageID 831. Williams further argues that this comment was hearsay "tending as evidentiary fact" and was inadmissible under Mississippi Rule of Evidence 403. *Id*. at PageID 831–32.

Although less than clear, it appears Williams believes that the State was precluded from attempting to prove his felon status until it proved that he was in possession of a firearm. However, this was not a bifurcated trial and Williams has offered no suggestion he was entitled to one. To the contrary, the Mississippi Supreme Court has cited with approval federal court decisions rejecting the argument that a felon in possession defendant is entitled to a bifurcated trial. *See Rigby v. State*, 826 So. 2d 694, 701 (Miss. 2002). Furthermore, the prosecutor's question was not evidence (and thus cannot be hearsay). Rather, the inquiry was a proper question about whether the convicted felon Stokes was overseeing in his role as a probation officer was Williams. For these reasons, this ground fails.

### C.   Ground Four (C) – "Pen Pack" Evidence

During the questioning of Stokes, the State, over defense counsel's objection, attempted to introduce into evidence Williams' "pen pack," which Stokes did not compile. Doc. #9-2 at PageID 296–97. The pen pack was not admitted then. *Id.* at PageID 298. Rather, the document was admitted without objection after Willis testified that she assembled it and certified it. *Id.* at PageID 303–04. Williams argues that his appellate counsel was deficient for failing to re-urge an objection to the pen pack's admission. Doc. #12-2 at PageID 835. The State responds that this claim was procedurally defaulted. Doc. #22 at 9–10.

Under § 2254:

[A court] may not grant habeas relief to a state prisoner unless the applicant has exhausted the remedies available in the courts of the State or state process is absent or ineffective. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.

*Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019) (cleaned up). A claim is said to be procedurally defaulted if it has not been exhausted "and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred." *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005). To be valid, a procedural bar must be "adequate," that is, "strictly or regularly followed by the cognizant state court" and "independent" of federal law. *Fratta v. Davis*, 889 F.3d 225, 228 (5th Cir. 2018).

> If a claim is merely unexhausted but not procedurally defaulted, then, absent waiver by the state, a district court must either dismiss the federal petition or stay the federal proceeding while the petitioner exhausts the unexhausted claim in state court. But if a claim is both unexhausted and procedurally defaulted, then a district court may deny the federal petition outright.

*Norman v. Stephens*, 817 F.3d 226, 231 n.1 (5th Cir. 2016). However, dismissal based on procedural default is improper if a habeas petitioner can "show cause for the default and actual prejudice, or that a miscarriage of justice will occur if the federal court does not consider the claim." *Gonzales v. Davis*, 924 F.3d 236, 242 (5th Cir. 2019).

While Williams raised certain ineffective assistance grounds in the state court, the pen pack issue was not one of them. This claim, therefore, has not been exhausted. *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Ogan's claim in his state habeas application pertained to trial counsel's failure to have a mitigation expert testify, not counsel's failure to recognize that his participation in his defense was colored by his alleged mental illness."). Furthermore, because any attempt to return to state court would be prohibited based on Mississippi's prohibition on successive petitions, *see* Miss. Code Ann. § 99-39-23(6), a rule which has been deemed adequate, this claim is deemed procedurally defaulted. *See Chancellor v. Mississippi*, 129 F. App'x 878, 880 (5th Cir. 2005) (claims procedurally barred when unexhausted are subject to Miss. Code Ann. § 99-39-23). Because Williams has stated no grounds which support excusal of this default,

dismissal of Ground Four (C) is required.

### D. Ground Four (D) – Impeachment

In Ground Four (D), Williams argues his counsel was deficient for failing to object to (1) the prosecutor's opening statement which "erroneously stated several things that the evidence will show;" (2) alleged hearsay testimony of officer Tawanda Friend; and (3) alleged hearsay testimony of Toby Meredith.[7] Doc. #12-2 at PageID 836–37. Because none of these statements would have supported a valid objection, Williams' counsel was not deficient for failing to object.

#### 1. Opening Statement

"Attorneys are allowed a wide latitude in arguing their cases to the jury. However, prosecutors are not permitted to use tactics which are inflammatory, highly prejudicial, or reasonably calculated to unduly influence the jury." *Anderson v. State*, 62 So. 3d 927, 939 (Miss. 2011). "[T]he purpose of an opening statement is to inform the jury what a party to the litigation expects the proof to show. Sometimes the proof does not follow the expectations of the party's attorney in opening statement and, if so, that failure usually militates against the party." *Slaughter v. State*, 815 So. 2d 1122, 1131–32 (Miss. 2002) (internal quotation marks omitted).

The portion of the opening statement challenged by Williams states:

Now, we do not -- the evidence won't show that we recovered a gun from Kacy Williams. There's no G.S.R. on Kacy Williams, because Kacy Williams wasn't apprehended to way later where any kind of G.S.R. kit done on his hands would not have had any kind of effect whatsoever. But the evidence will show that Alfonzo Hemphill positively identified him; that Kacy Williams had threatened him personally to kill him, and his sister; that he had motive, opportunity, and intent; that he was there and fired these shots. And in order to fire these shots, even though a weapon wasn't found, he was shot with two projectiles, a gun according to -- a

---

[7] These arguments differ from the "impeachment" grounds raised in Williams' direct appeal. On his direct appeal, Williams argued that Hemphill and his sister Diane gave conflicting testimony and that once this conflicting testimony was given his counsel should have moved for a mistrial. *See* Doc. #9-5 at PageID 497–98. The Mississippi Court of Appeals found this argument to be without merit. *Williams*, 269 So. 3d at 197. And in the absence of any authority which would tend to show that inconsistent testimony entitles a defendant to a mistrial, this Court sees no error in that conclusion.

> revolver, according to Mr. Hemphill. He was shot, and he survived the shooting. Therein, we believe, makes the case beyond a reasonable doubt after we prove, through the sale of cocaine introduction conviction, that Mr. Williams, the defendant sitting here today who they will identify, possessed a firearm ….

*See* Doc. #9-2 at PageID 284. Williams argues this statement "was prejudicial because no sufficient or substantial evidence existed outside of Alfonzo Hemphill's questionable testimony." Doc. #12-2 at PageID 836. However, this Court has already concluded that Hemphill's testimony was sufficient to support Williams' conviction. Thus, any objection on this point would have been meritless and the failure to make such an objection cannot be considered deficient. Accordingly, this assignment of error is without merit.

### 2. *Alleged Hearsay Testimony of Friend*

Williams argues his counsel was deficient for failing to object to Officer Tawana Friend's testimony that she was told about the Hemphill shooting. Doc. #12-2 at PageID 837. Specifically, Williams challenges Friend's statement that during her investigation of the shooting she was "told that Alfonzo Hemphill was one of the people that had been shot, one of the victims." Doc. #9-2 at PageID 309.

"Statements do not constitute hearsay when admitted to explain an officer's course of investigation or motivation for the next investigatory step by that officer." *Birkley v. State*, 203 So. 3d 689, 696 (Miss. Ct. App. 2016). Here, it appears Friend's testimony related to the background of her investigation so as to not be considered hearsay. But even if the statement was hearsay so as to render the failure to object deficient, Williams could not establish the existence of prejudice because of the overwhelming evidence showing that Hemphill was, in fact, shot. *See Woodfox v. Cain*, 609 F.3d 774, 816–17 (5th Cir. 2010) (no prejudice from failure to object to hearsay when hearsay evidence was cumulative to other evidence on the same point). In the absence of prejudice, Williams cannot show ineffective assistance of counsel on this ground. *Id*.

### 3. Alleged Hearsay Testimony of Meredith

Williams also contends his counsel was deficient for failing to object to Officer Meredith's testimony that he was told the person who was shot was taken to the hospital. Doc. #12-2 at PageID 837. This argument fails for the same reason as the challenge to the failure to object to Friend's testimony—that the statement was not hearsay and even if it was, there can be no prejudice because the testimony that Hemphill was the shooting victim is overwhelming.

**VII**
**Ground Five – Entitlement to Evidentiary Hearing in This Court**

"A district court may refuse an evidentiary hearing where there is not a factual dispute which, if resolved in the prisoner's favor, would entitle him to relief." *Coleman v. Vannoy*, 963 F.3d 429, 435 (5th Cir. 2020). For the reasons stated in this order, the Court finds there are no factual disputes as to any of Williams' grounds for relief. It follows that Williams is not entitled to an evidentiary hearing.

**VIII**
**Ground Six – Use of Plain Error Review in This Court**

Williams states that to the extent he failed to present any of his claims to the state court, this Court may still evaluate such claims for "plain error." Doc. #12-2 at PageID 849–50. This argument has been considered and rejected by the Supreme Court with respect to § 2254 actions. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).[8] Accordingly, this contention is without merit.

**IX**
**Ground Seven – Due Process and Equal Protection at Sentencing**

Williams argues he was denied due process because the sentencing judge stated that she "had no discretion" in the sentencing and that Williams must be sentenced to life in prison without

---

[8] *United States v. Frady*, the case cited by Williams, reached a similar conclusion with respect to § 2255 actions. 456 U.S. 152, 166 (1982).

parole. Doc. #12-2 at PageID 854. Williams argues that it is "debatable" as to whether the judge had discretion under state law and that even if she had no discretion under state law, she should have conducted a proportionality analysis of the sentence under federal law. *Id.* at PageID 855.

> As noted above, Mississippi's violent habitual offender statute provides in full:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

Miss. Code. Ann. § 99-19-83. This provision operates separately from the non-violent habitual offender statute, which states:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony unless the court provides an explanation in its sentencing order setting forth the cause for deviating from the maximum sentence, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code. Ann. § 99-19-81.

> Both statutes set forth non-discretionary sentences for habitual offenders—life without parole for habitual offenders with at least one violent felony, and for habitual offenders without a violent felony, the maximum term of imprisonment (also without parole) for the crime of conviction.[9] As correctly argued by Williams, notwithstanding a statutorily prescribed sentence,

---

[9] The cases cited by Williams involving habitual offenders sentenced to terms other than life imprisonment do not appear to involve violent offenders.

a "trial court has authority to review a particular sentence in light of [the] constitutional principles of proportionality." *Clowers v. State*, 522 So. 2d 762, 765 (Miss. 1988). However, *Clowers* is "not the rule, but the exception" and "[a]s a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal." *Oby v. State*, 827 So. 2d 731, 734 (Miss. Ct. App. 2002). The thrust of Williams' argument appears to be that he was deprived of his due process and equal protection rights because the sentencing judge failed to consider whether the sentence was disproportionate under federal law.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Duarte v. City of Lewisville*, 858 F.3d 348, 353 (5th Cir. 2017) (internal quotation marks omitted). To establish an equal protection claim, a plaintiff must show that "two or more classifications of similarly situated persons were treated differently." *Id.* If the classifications are based upon a "suspect class" or if the law impinges upon a fundamental right, the law is evaluated under strict scrutiny. *Id.* at 353–54. Otherwise, the law "need only bear a rational relation to a legitimate governmental purpose." *Id.* at 354. Williams has made no argument how the failure to consider proportionality amounts to an equal protection violation.

Even if the trial judge erroneously believed she lacked authority to consider whether the proportionality of the sentence could rise to the level of a due process violation, and even if the failure to consider proportionality could be deemed a due process violation, such a violation would not entitle Williams to relief. A due process violation will not warrant habeas relief unless it had a "substantial or injurious effect" on the outcome of the proceeding. *Galvan v. Cockrell*, 293 F.3d 760, 766 (5th Cir. 2002); *see Burr v. Pollard*, 546 F.3d 828, 831–32 (7th Cir. 2008) (habeas relief

denied where error had no effect on sentencing). The trial judge's failure to consider the proportionality of the sentence could not have impacted Williams' sentence because, as explained above, the sentence imposed was not unconstitutionally disproportionate.

## X
## Ground Eight – Plain Error for Denial of Fundamental Right

Finally, Williams submits that the State failed to "prove that [he] had served separate terms of at least one year on each of his prior convictions." Doc. #12-2 at PageID 865. The Court considers this to be a sufficiency of the evidence challenge to the finding that Williams was a habitual offender. Thus, the question is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[10] *United States v. del Carpio Frescas*, 932 F.3d 324, 328 (5th Cir. 2019).

On direct appeal, the Mississippi Court of Appeals held:

The State presented evidence showing that Williams was sentenced to and served terms of one year or more in a state penal institution for two prior felony convictions—aggravated assault and sale of cocaine—and one of these felonies—aggravated assault—was a crime of violence. Thus, it is clear that Williams met the requirements to be sentenced as a habitual offender to life imprisonment without parole under section 99–19–83.

*Williams*, 269 So. 3d at 195 (citations omitted). This conclusion is adequately supported by the record.

At Williams' sentencing, Willis testified that (1) Williams was previously sentenced to an eight-year term of imprisonment for the sale of cocaine; (2) he served approximately six years in prison for such crime; (3) in a separate criminal action, Williams was previously sentenced to a

---

[10] Williams argues this should be subject to a plain error analysis. Doc. #12-2 at PageID 865. The case he cites for this proposition, *United States v. Olano*, dealt with a direct appeal from a federal court proceeding and is, therefore, inapposite. 507 U.S. 725, 727 (1993).

fifteen-year term of imprisonment for aggravated assault; and (4) he served more than a year in prison for such crime. Doc. #9-3 at PageID 443–48, 451. While the sentences for these crimes were served concurrently, "serving one year or more on concurrent sentences for separate convictions arising out of separate incidents amounts to serving more than one year on each sentence for the purpose of enhanced sentencing under [section] 99–19–83." *Charleston v. State*, 205 So. 3d 1141, 1145 (Miss. Ct. App. 2016). Accordingly, this ground is without merit.

## XI
## Motion for Summary Judgment

Williams has moved for summary judgment on some of the grounds asserted in his habeas petition. *See* Doc. #20. "Although Rule 12 of the *Rules Governing Section 2254 Cases* permits a court to apply the Federal Rules of Civil Procedure when appropriate, motions for summary judgment under Fed. R. Civ. P. 56 are not appropriate or necessary in the habeas context. This is especially true where the motion essentially seeks the same relief as that sought in the underlying petition for habeas corpus." *Crow v. Dir., TDCJ-CID*, No. 4:16-cv-545, 2017 WL 11393412, at *1 (E.D. Tex. Sept. 5, 2017). Even if such a motion could be deemed appropriate, Williams would not be entitled to summary judgment because all of his claims fail. His motion for summary judgment is denied.

## XII
## Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district

20

court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demaonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## XIII
## Conclusion

Williams' petition for writ of habeas corpus [1] and his motion for summary judgment [20] are both **DENIED**. A certificate of appealability is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 23rd day of March, 2021.

/s/Debra M Brown
**UNITED STATES DISTRICT JUDGE**